UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ENZO RIVERS, and on the behalf of Every
Prisoner/Inmates Incarcerated in the
United States of America,

                      Petitioner,

                -against-

UNITED STATES OF AMERICA
GOVERNMENT; THE UNITED STATES
SENATORS; THE PRESIDENT OF THE
UNITED STATES OF AMERICA; THE HOUSE
OF CONGRESS; THE LEGISLATUREES OF
THE COMMONWEALTH OF
MASSACHUSETTS and EVERY OTHER
LEGISLATURE STATES/COUNTIES,

                      Respondents.
----------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

13-CV-1680 (ARR)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 0 2 2013 ★
BROOKLYN OFFICE

ROSS, Senior United States District Judge:

Pro se petitioner Enzo Rivers, who is in custody at the Massachusetts Correctional Institution in Norfolk, Massachusetts, filed a Petition for a Writ of Habeas Corpus ostensibly pursuant to 28 U.S.C. § 2241. As his claims are an improper basis for relief under this statute and as this court lacks jurisdiction over the petition, the petition is hereby dismissed.

## BACKGROUND

The Petition purports to be filed on behalf of every incarcerated prisoner in the United States and names as defendants governmental entities from the United States, the Commonwealth of Massachusetts, and "every other legislature state/counties." The petition alleges that federal and state governments have violated the civil rights of every American citizen who is currently incarcerated, claiming that American "Civilians" face stiffer sentences than "illegal Criminal immigrants entering the United States illegally." Pet. at 2. The petition further alleges that the defendants have "knowingly given all the illegal criminals immigrants, Our

Social Security Cards Numbers." Id. at 5. The petition also claims "violations of the prohibition against Cruel and Unusual Punishment" and "deliberate indifference" to "the Substantial Risk of serious harm to the Health condition and Physical Harmfulness during the years of imprisonment." Id. at 9-10. Petitioner provides no specific examples of these alleged deprivations.

The petition seeks immediate release from confinement and $1 trillion in damages.[1]

## DISCUSSION

As an initial matter, petitioner's efforts to file suit "on the behalf of every prisoner" is misguided. It is well-settled that pro se litigants cannot represent others. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf.").

Petitioner's claims on his own behalf fail to state a basis for relief. Title 28 of the United States Code, section 2241, permits habeas corpus review for prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, the application of this provision is limited by sections 2254 and 2255 of that title, which provide separate mechanisms for state and federal prisoners challenging the legality of their convictions or sentences. Section 2241 does not confer any jurisdiction for federal courts to entertain

---

[1] The court notes that petitioner is a frequent filer in the United States District Court for the District of Massachusetts, and has filed a complaint raising similar claims on behalf of all American prisoners and demanding immediate release from incarceration for "every American civilian." See Rivers v. United States, No. 06-cv-10935-RWZ (D. Mass. Aug. 11, 2006) (dismissing complaint ostensibly filed on behalf of all prisoners in United States prisons, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); see also Rivers v. Carter, No. 12-cv-10529 (D. Mass. Mar. 28, 2013) (dismissing civil rights case against official at MCI Norfolk for allegedly using racial epithet and against rapper Jay-Z for using same epithet); Rivers v. Berry, No. 10-cv-11779-RWZ (D. Mass. Oct. 28, 2010) (dismissing petitioner's attempt to bring a criminal prosecution against private individuals).

challenges to state convictions or sentences separate from the proceedings permitted pursuant to 28 U.S.C. § 2254. See Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003) (state prisoners must challenge both the imposition and execution of state sentences under section 2254, not under section 2241). Accordingly, to the extent that petitioner seeks to challenge the constitutionality of his state sentence and custody, he may only do so through a petition pursuant to 28 U.S.C. § 2254 and subject to its requirements.

In any case, however, this court would not have jurisdiction over such a petition. A habeas corpus petitioner seeking release from unconstitutional confinement must file in the district court having jurisdiction over his custodian. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("[F]or habeas petitioners challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973) ("Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian."). In this case, petitioner is in custody in Massachusetts. This court does not have jurisdiction over his custodian and thus does not have jurisdiction over the petition.

As petitioner has neither presented any grounds for relief pursuant to 28 U.S.C. § 2241 nor any basis for this court's jurisdiction over such a petition, the petition is hereby dismissed.

Petitioner's vague allegations of cruel and unusual punishment and deliberate indifference and his demand for money damages are suggestive of a civil rights action. However, there is no indication that petitioner intended to file a civil action alleging a violation of his civil rights. Should he wish to file such an action, and pay the $350 filing fee and $50 administrative fee or request leave to proceed in forma pauperis, he must file in the judicial district in which any defendant resides or where a substantial part of the events or omissions giving rise to the claim

occurred. See 28 U.S.C. § 1391(b).

## CONCLUSION

As petitioner has failed to assert any basis for relief under § 2241 and because this court lacks jurisdiction, the petition must be dismissed. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Allyne R. Ross
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
April 30, 2013

4